IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                    )
                                          )
GEORGE ANDREW WALLACE, JR.                )      Bk. No. 16-02409-CW3-13
                                          )      Chapter 13
                    Debtor(s).            )      Judge Walker

## ORDER MODIFYING CONFIRMED CHAPTER 13 PLAN

It appearing to the Court, based upon the certification of the Trustee's counsel, debtor's counsel, and counsel for U.S. Bank Trust National Association, as indicated by their electronic signature below, that the Trustee, by and through his counsel, has filed a Motion to Modify Plan, and that pursuant to Rule 9013-1 of the Local Rules of the Bankruptcy Court for the Middle District of Tennessee, has forwarded a copy of that motion along with notice and an opportunity to be heard to the debtor, debtor's counsel, and the Assistant U.S. Trustee and that no affected party in interest has objected to or requested a hearing on the Trustee's motion, it is

ORDERED, the debtor's confirmed Chapter 13 plan is modified as follows:

If the holder of a claim listed in paragraph 3.c. of the Order Confirming Chapter 13 Plan files a Notice of Mortgage Payment Change under Rule 3002.1, Fed. R. Bankr. P., the Trustee may adjust the postpetition regular payment listed in paragraph 3.c. and payments into the plan in paragraph 2 in accordance with the creditor's notice upon filing a notice of payment adjustment and delivering a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee. The trustee shall have the discretion to adjust the postpetition regular payment listed in paragraph 3.c. in accordance with the Notice of Mortgage Payment Change and <u>not</u> seek to alter or adjust the payments into the plan if the payment change is in the amount of $25 per month, or less. However, notice of the payment adjustment shall be provided to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee.

The Trustee is authorized to pay any postpetition fees, expenses, and charges, notice of which is properly filed pursuant to Rule 3002.1, Fed. R. Bankr. P., and as to which no objection is raised, at the same disbursement level as the arrearage claim listed in paragraph 3.c.

Confirmation of this Plan shall impose upon any claimholder treated under paragraph 3(c) of the Order Confirming Chapter 13 Plan, and holding as collateral, the debtor's residence, the obligation to:

a. Apply the payments received from the Trustee on preconfirmation arrearages only to such arrearages. For purposes of this Plan, the "preconfirmation" arrears shall include all sums included in the allowed proof of claim plus any postpetition preconfirmation payments due under the underlying mortgage obligation not specified in the allowed proof of claim. Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrears is filed by such claimholder.

b. Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges; it is further

ORDERED, based on the difference between the payments stated on the Notice of Mortgage Payment Changes filed at docket entries 32, 55, 57, 62, and 64, and the Trustee's disbursements, the debtor's ongoing mortgage payment is underpaid by $214.02 through October 2019;

ORDERED, the underpayment of $214.02 through October 2019 shall be paid prorata as a postpetition arrearage claim in Class 5;

ORDERED, effective November 2019, the debtor's ongoing mortgage payment is $1,209.40 and shall remain $1,209.40 until a Notice is filed pursuant to Rule 3002.1; it is further

ORDERED, the Trustee is authorized to pay the Notice of Postpetition Mortgage Fees, Expenses, and Charges filed at docket entry 29; and it is further

ORDERED, the debtor's plan payment shall remain $2,200 per month.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.

APPROVED BY:

/s/ Margaret P. Reidy
Margaret P. Reidy
Counsel to Standing Chapter 13 Trustee
P.O. Box 340019
Nashville, TN 37203-0019
615-244-1101; Fax 615-244-3241
pleadings@ch13nsh.com

/s/ Alise Housden (with permission)
Alise Housden
Counsel for the Debtor
Long, Burnett, and Johnson, PLLC
302 42nd Ave. N.
Nashville, TN 37209
615-386-0075; Fax 615-864-8419
Ahousden@tennessee-bankruptcy.com


/s/ Edward Russell (with permission)
Edward Russell
Counsel to U.S. Bank Trust National Association
The SR Law Group
P.O. Box 128
Mt. Juliet, TN 37121
615-559-3190
erussell@thesrlawgroup.com